# NEW YORK COMMON PLEAS.

## KOEHLER agt. BROWN.

When a balance is struck between *copartners*, and a promise to pay is given, an action of assumpsit may be maintained by the partner receiving the promise.

Where a society was formed, the object of which was to form a common fund out of which to pay each member drafted into the United States armies, a fair and equitable share of said funds, or furnish a substitute; and providing that in case no draft takes place, all moneys, less expenses, will be returned to each member:

*Held,* That the members of the society were *partners.* That the object of the creation of the society ceased when it appeared that no draft was to take place. The defendant, as treasurer, had the funds of the society in his hands, and promised to pay to the members holding certificates the balance due. to them, determined upon by all the members in proper communion. An action for money had and received was therefore properly brought against him by the plaintiff for a balance due him as a member of the society.

*General Term June,* 1866.

*Before* DALY, BRADY *and* CARDOZO, *judges.*·

APPEAL by defendant from judgment at special term.

THOMAS CUSHING *and* DAVID McADAM, *for appellant.*

F. SMYTH, *for respondent.*

BRADY, J. The plaintiff and defendant were members of a society styled "The American Mutual Exemption Society," the object of which was to form a common fund out of which to pay each member drafted into the United States armies a fair and equitable share of said funds, or furnish a substitute. By the fourth article of their constitution, it is provided that on entering the society each member shall pay to the secretary the sum of thirty dollars, and a further sum of seventy-five dollars on or before the day prior to a draft. By the fifth article, it is provided that the secretary shall pay over immediately to the treasurer all moneys, taking his receipt for the same. By article thirteen, it is provided that, in case no draft takes place, all moneys, less expenses, will be returned to each member. The defendant was the treasurer of the society. The plaintiff paid to the secretary one hundred and twenty dollars, for four persons who have

assigned their claims to him, and that sum was paid to the treasurer, the defendant, and deposited to the credit of the society, in the names of the plaintiff and defendant. The society duly passed a resolution directing the payment or return of the money paid by each member under the thirteenth article recited, in case no draft took place. No draft did take place, and the defendant, under and by virtue of that resolution, having received the moneys or funds of the society, paid to various persons moneys received from them, deducting five dollars from each member to defray expenses. All the questions of fact were submitted to the jury, under the charge of the justice, without exception, and the only question we are called upon to consider is whether the plaintiff, being a member of the society, could maintain this action against the defendant. The members of the society were partners. It was not formed under any general or special law of the legislature, and was nothing more, therefore, than an ordinary partnership. (*Townsend* agt. *Galway*, 19 *Wend.* 424; *Wells* agt. *Gates*, 18 *Barb.* 554.) The resolution to refund the money paid was virtually a dissolution of the copartnership. The object of its creation had ceased when it appeared that no draft was to take place. The resolution was also a settlement with each member of the association who paid the thirty dollars entrance fee, and a balance struck in his favor of twenty-five dollars—five dollars having been determined upon as the amount each member was to pay as his proportion of the expenses attending the organization and continuance of the society. The defendant recognized this action and order of the society, by payment in accordance with its terms, and promised to pay any further certificates presented to him. There is no reason why the defendant should not pay, it having been determined, as a matter of fact, that he had the funds in his hands to do it. When a balance is struck between copartners, and a promise to pay is given, there is no doubt that an action of assumpsit may be maintained by the partner receiving the promise. The rule is very old, and well established. The defendant had the funds of the

society, and promised to pay to the members holding certificates the balance due to them—determined upon by all the members in proper communion. The action for money had and received was properly brought against him. The design of the society was the appropriation of money received for the benefit of its members upon a certain contingency, and when that contingency did not occur, and the society so declared, the money in the defendant's hands was a fund which, *aquo et bona*, he ought to pay over to those entitled to its return, when directed to do so by the society.

I think the judgment should be affirmed.